132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Irma Esperanza FUENTES-PEREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70744, Apq-flw-amd.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Irma Esperanza Fuentes-Perez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' (BIA) decision denying her applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). She contends that: (1) she is eligible for asylum and withholding of deportation because she established a well-founded fear and clear probability of persecution on account of a political opinion imputed to her by antigovernment guerrillas, (2) the BIA provided insufficient explanation for its adoption of the immigration judge's (IJ) decision, and (3) the BIA erred by affirming the IJ's denial of voluntary departure under 8 U.S.C. § 1254(e). We deny the petition for review.
 
 
 3
 To establish eligibility for withholding of deportation, an applicant must demonstrate a clear probability of persecution on account of political opinion or other listed grounds. See Ghaly v. INS, 58 F.3d 1425, 1428-29 (9th Cir.1995). This standard is more stringent than the standard for asylum, and so failure to satisfy the asylum standard necessarily results in failure to establish eligibility for withholding of deportation as well. See id. at 1429.
 
 
 4
 To establish eligibility for asylum, an applicant must show that he or she is unwilling to return to his or her country of origin because of persecution or a well-founded fear of persecution on account of political opinion or other listed grounds. See 8 U.S.C. § 1101(a)(42)(A). We review the BIA's finding whether an applicant has demonstrated a well-founded fear of persecution under the substantial evidence standard, and we will reverse only if the evidence would compel a reasonable factfinder to find otherwise. See Ghaly, 58 F.3d at 1429.
 
 
 5
 "[A]n asylum seeker claiming to be a victim of persecution on account of ... political opinion must establish, by evidence, four facts: (a) that he or she has been a victim of persecution; (b) that he or she holds a political opinion; (c) that this political opinion is known to or imputed by the persecutors; and (d) that the ensuing persecution of the victim has been or will be on account of this opinion." Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997). An imputed political opinion is one that the applicant's persecutors actually attributed to the applicant. See id. at 1489.
 
 
 6
 Fuentes-Perez testified as follows. She enlisted in the Guatemalan army and began running an officers' club in 1989, when she was twenty-one years old. In October 1992, two guerrillas approached her on the street and told her they knew where she worked. On November 2, 1992, two guerrillas took Fuentes-Perez's belongings while she was shopping. When they found her army identification, they told her they needed her to act as their agent and provide information about meetings at the officers' club. She said she would bring them information on November 5.
 
 
 7
 Fuentes-Perez reported the incident to her superior officer, who suggested she stay at his house on the weekends. She refused his offer because she was afraid for his family. Instead, she obtained a discharge from the army and left for the United States on November 5. Fuentes-Perez testified that she feared returning to Guatemala because the guerrillas could find her anywhere in the country, and "they are the kind that don't forget." In her asylum application, she stated that the guerrillas had threatened to kill her.
 
 
 8
 Fuentes-Perez contends that the record shows that the guerrillas attributed an anti-guerrilla political opinion to her and threatened her on account of this opinion. The evidence, however, does not compel this interpretation; the guerrillas may have threatened Fuentes-Perez only because they thought she had access to the information they wanted. See Sangha, 103 F.3d at 1487, 1189; Ghaly, 58 F.3d at 1429.
 
 
 9
 Fuentes-Perez also contends that the record shows that her fear of persecution in Guatemala is well-founded. Substantial evidence, however, supports the opposite conclusion: Fuentes-Perez did not testify about any physical abuse, she refused her superior officer's offer of protection, and her family, including her young daughter and her parents and siblings, are all living safely in Guatemala. See Ghaly, 58 F.3d at 1429. Accordingly, the BIA did not err by affirming the denial of Fuentes-Perez's applications for asylum and withholding of deportation. See id.
 
 
 10
 Fuentes-Perez contends that the BIA failed properly to review the record, as shown by its failure to explain why it "adopt[ed] and affirm[ed] the Immigration Judge's decision for the reasons stated therein." We disagree; it is clear that the BIA gave individualized consideration to this case. See Alaelua v. INS, 45 F.3d 1379, 1381 (9th Cir.1995)
 
 
 11
 Finally, Fuentes-Perez contends that in affirming the IJ's denial of her request for voluntary departure, the BIA erred by failing to weigh both favorable and unfavorable factors and relying solely on her testimony that she would not voluntarily leave this country. Respondent contends that under the transitional provisions of § 309(c)(4)(E) of the Illegal Immigration Reform and Immigrant Responsibility Act, we lack jurisdiction to review the discretionary denial of voluntary departure. The denial or grant of voluntary departure is a discretionary decision in which willingness to depart is one factor. See Campos-Granillo v. INS, 12 F.3d 849, 852-53 (9th Cir.1993) (in denying voluntary departure, IJ abused discretion by relying solely on alien's immigration history and testimony that he would "have to return" to the United States if deported); Cuadras v. INS, 910 F.2d 567, 572 (9th Cir.1990) (reviewing consideration of willingness to depart for abuse of discretion). Accordingly, respondent's contention has merit. See Kalaw v. INS, Nos. 97-70106, 97-70294, 97-70333, 1997 WL 736053, at * 2-* 4 (9th Cir. Dec. 1, 1997) (analyzing requirements for suspension of deportation); see also Eyoum v. INS, 125 F.3d 889, 891 (5th Cir.1997) (per curiam) (no jurisdiction to review issue whether alien had good moral character and thus qualified for voluntary departure).
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3