IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60063
Summary Calendar
_____

JASPER OMONDI OGUTU,

                                        Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
A29-077-977
--------------------
December 27, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Jasper Ogutu petitions for review of an order of deportation
and denial of voluntary departure issued by the immigration judge
("IJ") and affirmed by the Board of Immigration Appeals ("BIA").
The order stems from the BIA's order affirming the termination of
Ogutu's permanent resident status for failure to comply with
8 U.S.C. § 1186a.  Ogutu contends that the IJ denied him due
process and a fair hearing by denying his motion for continuance
and that the IJ denied him the opportunity to establish his
eligibility for an extreme hardship waiver.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The BIA's decision that a joint petition did not exist is supported by substantial record evidence. *See Witter v. INS*, 113 F.3d 549, 552 (5th Cir. 1997), *petition for cert. filed*, 68 U.S.L.W. 3252 (U.S. Sept. 30, 1999) (NO. 99-56). The IJ's decision to deny a continuance was not an abuse of discretion. Ogutu has not shown prejudice, and he failed to provide evidence in support of his stated reason for a continuance. *See Witter*, 113 F.3d at 555; *Patel v. INS*, 803 F.2d 804, 807 (5th Cir. 1986). The order of deportation is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *See Witter*, 113 F.3d at 552. Because Ogutu did not present to the BIA his argument regarding the denial of eligibility for an extreme hardship waiver, we lack jurisdiction to decide the issue. *See id.* at 554.

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") is applicable to all aliens in proceedings on April 1, 1997, for whom a final order of deportation was entered more than thirty days after September 30, 1996. *Eyoum v. INS*, 125 F.3d 889, 891 (5th Cir. 1997). Under IIRIRA, we lack subject matter jurisdiction to review claims for discretionary relief, such as voluntary departure. *See* 8 U.S.C. § 1252(a)(2)(B); *Eyoum*, 125 F.3d at 891. Because the BIA's final order of deportation was issued on January 8, 1999, we lack subject matter jurisdiction to review the appeal regarding voluntary departure.

The petition for review is DENIED.