United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**August 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60676
Summary Calendar

BENJAMIN A IWOTOR

Petitioner

v.

JOHN ASHCROFT, US ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 355 348
--------------------

Before KING, Chief Judge, and DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Benjamin A. Iwotor appeals an order issued by the Board of Immigration Appeals ("BIA") that summarily affirmed the decision of the Immigration Judge ("IJ"). Iwotor is a native and citizen of Nigeria who entered the United States in 1988 on a student visa. During removal proceedings, the IJ denied Iwotor asylum and withholding of deportation and granted him voluntary departure. On a motion to reopen, the BIA remanded Iwotor's case for consideration of an application for adjustment of status.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The IJ concluded that Iwotor was statutorily ineligible for adjustment of status because Iwotor did not comply with the order of voluntary departure.

Iwotor contends that he should not be penalized with ineligibility for adjustment of status due to a failure to comply with an order of voluntary departure because he did not request voluntary departure, and he did not meet the requirements for a grant of voluntary departure. He argues that the IJ gratuitously and erroneously granted voluntary departure and that he was not warned of the penalties associated with a failure to comply with the order of voluntary departure. Iwotor argues that the BIA's order on his motion to reopen must be construed to have some effect. He asserts that the denial of the right to have his application for adjustment of status considered constitutes a violation of his rights to equal protection and due process.

We defer to an agency's interpretation of a federal statute unless that interpretation violates "'the unambiguously expressed intent of Congress.'" McBride v. INS, 238 F.3d 371, 373-74 (5th Cir. 2001). Because the BIA summarily affirmed the IJ's decision and thus effectively adopted that decision, we review the IJ's decision. Michael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

We lack jurisdiction to consider Iwotor's appeal of the IJ's grant of voluntary departure. 8 U.S.C. § 1252(a)(2)(B)(i); See Eyoum v. INS, 125 F.3d 889, 891 (5th Cir. 1997).

Under 8 U.S.C. § 1229(c)(d), Iwotor was rendered ineligible for ten years for relief in the form of an adjustment of status under 8 U.S.C. § 1255 due to his failure to depart the United States voluntarily within the time period specified.

The record demonstrates that Iwotor was warned of the penalties associated with a failure to comply timely with the order of voluntary departure. The BIA's order stated specifically that it was not a ruling on the merits of Iwotor's application for an adjustment of status. Iwotor has not shown exceptional circumstances that excused his failure to comply with the order of voluntary departure. See e.g., <u>Alhadji v. Ashcroft</u>, No. 01-60184 at 8-10 (5th Cir. May 22, 2003).

Iwotor does not provide support for his position that the denial of consideration of his application for adjustment of status constitutes a denial of his rights to due process and equal protection. See e.g., <u>City of Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985). Iwotor's ineligibility was based on statutory grounds; he has not shown that government action substantially prejudiced him. <u>Calderon-Ontiveros v. INS</u>, 809 F.2d 1050, 1052 (5th Cir. 1986).

Accordingly, Iwotor's petition for review is DENIED.