United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 17, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-61069
Summary Calendar

AMADOU BAMBA CISSE

Petitioner

v.

JOHN ASHCROFT, US ATTORNEY GENERAL

Respondent

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72-415-208
---------------------

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Amadou Bamba Cisse, a native and citizen of Senegal, has

petitioned for review of the decision of the Board of Immigration

Appeals ("BIA") dismissing without opinion his appeal from the

decision of the immigration judge ("IJ") denying Cisse's

application for asylum and for withholding of deportation. Cisse

contends that the BIA's summary affirmance procedures do not

provide a basis for judicial review. This issue is foreclosed by

Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cisse contends that his asylum application should have been granted. He argues that his fear of persecution was reasonable because he had opposed the Senegalese government and because the government knew of his opposition. Because the BIA adopted the IJ's decision without opinion, this court must review the IJ's decision. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). This court will uphold the IJ's determination that Cisse is not eligible for asylum if it is supported by substantial evidence. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350 (5th Cir. 2002). The substantial evidence standard requires only that the IJ's "conclusion be based upon the evidence presented and be substantially reasonable." Id. (internal quotation marks and citation omitted). To reverse the IJ's determination that Cisse is not eligible for asylum, "the evidence must compel a reasonable fact-finder to conclude that [he] suffered past persecution or has a well-founded fear of future persecution because of a protected ground." Girma v. INS, 283 F.3d 664, 669 (5th Cir. 2002). The BIA has the discretion to determine whether the evidence presented is sufficient to warrant a grant of asylum in a particular case. See id.; see also 8 U.S.C. § 1158(b)(1).

After careful review of the briefs and the administrative record, we conclude that the IJ's finding that Cisse's testimony was not credible because of inconsistencies between Cisse's two asylum applications is supported by substantial evidence. The IJ's conclusion that Cisse had failed to make an adequate showing

of past persecution and of fear of future persecution is also supported by substantial evidence.

Cisse contends that the BIA should not have cut three months from the voluntary departure period. This court lacks jurisdiction to review claims for discretionary relief, including claims regarding voluntary departure. <u>Eyoum v. INS</u>, 125 F.3d 889, 891 (5th Cir. 1997).

PETITION DENIED.