United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60070
Summary Calendar
_____

VINOD CHANDRA ATKHOLWALA; KUSUM VINOD ATKHOLWALA;
JIMY VINOD ATKHOLWALA; HARDIK VINOD ATKHOLWALA,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A75-902-983, A77-269-467,
A77-269-468, A77-269-469
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

The Atkholwalas ("Petitioners") are natives and citizens of India who seek our review of the Board of Immigration Appeals's (BIA) affirmance of the Immigration Judge's (IJ) denial of their request for voluntary departure. They assert that they are eligible for voluntary departure under 8 U.S.C. § 1229c.

We note, as Ashcroft contends, that Petitioners did not challenge — either on appeal or in their motion to reconsider —

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the IJ's specific basis for denying voluntary departure. They did, however, alternatively request voluntary departure, both at the conclusion of their appellate brief and in their motion. Even if Petitioners' general requests for voluntary departure were otherwise sufficient to satisfy the exhaustion requirement, see Wang v. Ashcroft, 260 F.3d 448, 453 (5th Cir. 2001), it would avail them nothing. We lack jurisdiction over their petition for review under 8 U.S.C. § 1229c(f).

Section 1229c(f) provides that "[n]o court shall have jurisdiction over an appeal from [the] denial of a request for an order of voluntary departure under subsection (b) [which permits an IJ to grant voluntary departure at the conclusion of removal proceedings] . . . ." 8 U.S.C. § 1229c(f). Thus, denials of requests for voluntary departure are not subject to judicial review by any court. See Alvarez-Santos v. I.N.S., 332 F.3d 1245, 1255 (9th Cir. 2003); Sofinet v. I.N.S., 196 F.3d 742, 748 (7th Cir. 1999); see also Eyoum v. I.N.S., 125 F.3d 889, 891 (5th Cir. 1997)(holding that 8 U.S.C. § 1252(a)(2)(B) precludes this court's jurisdiction over denials of voluntary departure).

To the extent that Petitioners challenge the summary affirmance procedure employed by the BIA, their argument is without merit. See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003). For these reasons, their petition for review is dismissed for lack of jurisdiction.

DISMISSED.