**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 28, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60116
Summary Calendar
_____

ELENA BENSON,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A76 241 218
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Elena Benson, a citizen of Russia, petitions for review of

the decision of the Board of Immigration Appeals ("BIA")

summarily affirming the removal order of the Immigration Judge

("IJ").  Because the BIA summarily affirmed without opinion, the

IJ's decision is the final agency determination for our review.

See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003).

     Benson argues that the IJ erred in finding that the

immigration court lacked jurisdiction over her adjustment

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

application.  Benson maintains that the INS should not have denied her application but should have allowed her to substitute her second U.S. citizen spouse as a new I-130 visa petitioner in conjunction with her original adjustment application.  Benson claims that she satisfied the requirements of 8 C.F.R. § 1245.2(a)(1) for renewing her application in removal proceedings.

An alien paroled into the United States may renew an application for adjustment of status in removal proceedings only if the adjustment application had been previously filed. 8 C.F.R. § 1245.2(a)(1)(ii).  Because Benson's second adjustment application was not filed until after she had been paroled into the United States, the IJ was correct in concluding that she was not permitted to renew her adjustment application in removal proceedings.  Benson has not cited to any relevant authority supporting her contention that she may substitute her second U.S. citizen husband as the I-130 visa petitioner in conjunction with her initial adjustment application.

Benson avers that the IJ erred in determining that she was statutorily ineligible for voluntary departure because she is an arriving alien.  This court does not have jurisdiction to review the IJ's denial of her application for voluntary departure. 8 U.S.C. § 1252(a)(2)(B)(I); Eyoum v. INS, 125 F.3d 889, 891 (5th Cir. 1997).

PETITION DENIED.