United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OthiF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60414
Summary Calendar
_____

ROMAN IREMASHVILI,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 710 244
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Roman Iremashvili petitions for review of an order of the

Board of Immigration Appeals ("BIA") dismissing his appeal from

the Immigration Judge's ("IJ") denial of his applications for

asylum and withholding of deportation.  Iremashvili argues that

the BIA's denial of his application for asylum is not supported

by substantial evidence.  He further contends that the

evidentiary hearing before the IJ lacked fundamental fairness

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because he was not allowed to testify in English and because of the IJ's conduct during the hearing, including the IJ's extensive cross-examination of him. Iremashvili also argues that the BIA erred in not addressing on appeal his request for an extension of voluntary departure to include the period during any subsequent judicial review.

Because the BIA did not adopt the IJ's decision, but rather issued its own opinion in dismissing Iremashvili's appeal, this court reviews the decision of the BIA. See Girma v. INS, 283 F.3d 664, 666 (5th Cir. 2002). This court will uphold the factual findings that an alien is not eligible for asylum or withholding of deportation if those findings are supported by substantial evidence. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). The substantial evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable. Id.

We hold that substantial evidence supports the BIA's decision that even assuming past persecution, Iremashvili's well-founded fear of future persecution has been rebutted by changed circumstances in Georgia. See 8 C.F.R. § 208.13(b). Iremashvili was not deprived of fundamental fairness during the evidentiary hearing before the IJ. See Animashaun v. INS, 990 F.2d 234, 238 (5th Cir. 1993).

As the respondent argues, we lack jurisdiction to address Iremashvili's argument regarding voluntary departure. <u>See</u> <u>Eyoum v. INS</u>, 125 F.3d 889, 891 (5th Cir. 1997); 8 U.S.C. § 1229c(f)

Iremashvili's petition for review is DENIED. Iremashvili's motion for a stay of voluntary departure pending appeal also is DENIED.

PETITION FOR REVIEW DENIED; MOTION FOR STAY OF VOLUNTARY DEPARTURE PENDING APPEAL DENIED.