**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-61043
Summary Calendar

RAYMOND KAYONDO; ADAH NYAMUTOKA,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of a Decision of
the Board of Immigration Appeals
BIA No. A95 218 175
BIA No. A95 218 176

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Raymond Kayondo appeals from the decision of the Board of
Immigration Appeals (BIA) affirming the decision of the immigration
Judge (IJ) denying his application for asylum, withholding of
removal, and relief under the Convention Against Torture (CAT).
Kayondo and his wife, Adah Nyamutoka, a beneficiary of Kayondo's
asylum application, were also denied voluntary departure.

Kayondo takes issue with the IJ's adverse credibility
determinations. Because the record does not compel us to do so, we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

do not disturb the IJ's findings regarding the credibility of Kayondo's testimony.  See Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002).

Kayondo also contends that he established an entitlement to asylum, withholding of removal, and relief under the CAT.  The IJ determined, in view of his assessment of Kayondo's credibility, that Kayondo was not entitled to asylum.  Because Kayondo has failed to show that the evidence was so compelling that no reasonable factfinder could conclude against the IJ's determination that Kayondo was not entitled to asylum, we must affirm that finding.  See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

As Kayondo has not made the showing required to obtain asylum, he has not met the more demanding standard for withholding of removal.  See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).  Because Kayondo has not shown that it is more likely than not that he will be tortured upon his return to Uganda, he has not shown an entitlement to relief under the CAT.  See 8 C.F.R. § 208.18(a)(1); see also Wang v. Ashcroft, 320 F.3d 130, 144 (2d Cir. 2003) ("Imprisonment of military deserters does not inherently constitute torture.").

Kayondo contends that by using a summary affirmance procedure the BIA failed to address the arguments made on appeal.  His argument fails because, where the affirmance without opinion procedure is employed, the IJ's opinion becomes the opinion of the

2

BIA. <u>See</u> 8 C.F.R. § 1003.1(e)(4)(ii). Moreover, this court has held that the summary affirmance procedure does not deprive this court of a basis for judicial review. <u>See</u> <u>Soadjede v. Ashcroft</u>, 324 F.3d 830, 832 (5th Cir. 2003).

Kayondo also contends that the BIA should not have affirmed without opinion because the IJ's opinion contained errors and because the case does not satisfy the regulatory criteria for use of the summary affirmance procedure. As discussed above, Kayondo has not shown any error in the IJ's decision on his various claims for relief. Kayondo is not entitled to further judicial review. <u>See</u> <u>Garcia-Melendez v. Ashcroft</u>, 351 F.3d 657, 663 (5th Cir. 2003).

Finally, Kayondo argues that the IJ erred in denying his request for voluntary departure. This court lacks jurisdiction to review the denial of voluntary departure. <u>See</u> 8 U.S.C. § 1229c(f); <u>Eyoum v. INS</u>, 125 F.3d 889, 891 (5th Cir. 1997).

**PETITION DENIED.**