**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60238
Summary Calendar

KENAN POLAT,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A27 726 596

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kenan Polat, a native and citizen of Turkey, petitions for review of an order from the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) decision to deny his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We are without jurisdiction to address Polat's challenge to the denial of his request for voluntary departure. Eyoum v. INS, 125 F.3d 889, 891 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The BIA's order dismissing Polat's appeal expressly adopted and affirmed, with exceptions deemed harmless, the IJ's finding that Polat was not a credible witness. Although our review ordinarily is limited to the BIA's decision, when the BIA adopts the decision of the IJ, this court may review the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Because the BIA adopted the IJ's credibility finding but added its own reasons, we review both decisions.

The IJ must determine the credibility of witnesses. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994); Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). The court does not substitute its judgment for that of the IJ or BIA with respect to witness credibility and the ultimate factual findings based on credibility determinations. Chun, 40 F.3d at 78. When a finding regarding credibility is based on "a reasonable interpretation of the record and therefore supported by substantial evidence," it will be upheld. Id. at 79. "[A] credibility determination may not be overturned unless the record compels it." Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002)(citing Chun, 40 F.3d at 78).

In addition to arguing the merits of his claims for asylum, withholding of removal, and protection under the CAT, Polat challenges the IJ's finding, adopted by the BIA, that he was not a credible witness. The IJ's credibility finding is amply supported by the record. See Chun, 40 F.3d at 79. The record thus does not compel a credibility determination contrary to that of the IJ. See

2

Lopez De Jesus, 312 F.3d at 161.  Because the credibility determination is supported by substantial evidence, Polat's petition for review of the BIA's order is **DENIED**.