United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60887
Summary Calendar

AMIR ALI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 304 485
--------------------

Before Jolly, Dennis, and Clement, Circuit Judges.

PER CURIAM:[*]

Amir Ali petitions for review of the Board of Immigration
Appeals' (BIA) denial of his motion to reopen immigration
proceedings. Ali contends that the BIA abused its discretion in
denying his motion to reopen, which raised the claim that counsel
was ineffective for failing to request voluntary departure on his
behalf. Ali has abandoned the remaining ineffective-assistance
claims raised in his motion to reopen by failing to argue them in
his petition for review. See Yohey v. Collins, 985 F.2d 222,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

224-25 (5th Cir. 1993); Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005). Our review of constitutional challenges is de novo. Altamirano-Lopez v. Gonzales, 435 F.3d 547, 549 (5th Cir. 2006). Likewise, we review de novo the BIA's legal conclusions. Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006).

"'[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004) (citations omitted). A request for voluntary departure is a request for discretionary relief. Eyoum v. INS, 125 F.3d 889, 891 (5th Cir. 1997). Even if Ali had a constitutional right to effective assistance of counsel during the immigration proceedings, he had no due process right to effective assistance of counsel in pursuit of discretionary relief. Gutierrez-Morales v. Homan, 461 F.3d 605, 609 (5th Cir. 2006); Mireles-Valdez v. Ashcroft, 349 F.3d 213, 219 (5th Cir. 2003). Ali's argument that his case is distinguishable from Assaad because he "was unable to even request the relief" is unavailing. Cf. Gutierrez-Morales, 461 F.3d at 609-10 (holding that alien has no due process right to effective assistance of counsel in seeking to present waiver application--purely

discretionary relief--to the Immigration Judge or the BIA on its merits).

The petition for review is DENIED.