United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60725
Summary Calendar

KHAWAJA MOHAMMAD NAWAZ; NIGHAT NAWAZ; ASIF NAWAZ;
NAVEEN NAWAZ,

                                        Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 498 247
BIA No. A79 498 248
BIA No. A79 498 250
BIA No. A79 498 251
---------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Khawaja Nawaz, a native of India and a citizen of Pakistan, and Nighat, Asif, and Naveen Nawaz, natives and citizens of Pakistan, petition for review of an order from the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of their motion for reconsideration.

The petitioners argue that the IJ erred in determining that they were removable for overstaying their visas. They contend

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that overstay is not a deportable offense under the Immigration and Nationality Act and that their asylum application, which they had filed before the expiration of their visas, extended their authorized period of stay. They further contend that the IJ's failure to address their concerns about this issue at their evidentiary hearing and the IJ's determination that they were removable violated their due process rights.

This court has repeatedly held aliens to be deportable for overstaying their visas. See, e.g., Majd v. Gonzales, 446 F.3d 590, 592 (5th Cir. 2006); Eyoum v. INS, 125 F.3d 889, 890-91 (5th Cir. 1997). Furthermore, the petitioners have not cited any statutes or case law in support of their argument that their filing of an asylum application alone extended their authorized period of stay. The record does not support the petitioners' due process argument, and the IJ did not violate the petitioners' due process rights in correctly concluding that the petitioners were removable.

Accordingly, the petitioners' petition for review of the BIA's order is DENIED. All of the petitioners' outstanding motions and petitions are also DENIED.