# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-61140
Summary Calendar

MURTAZA AFSAR KHAN

Petitioner

v.

MICHAEL B MUKASEY, U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A79 104 422

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Murtaza Afsar Khan petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) that denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Khan first argues that the BIA erred in affirming the decision of the IJ that his asylum application was time-barred. Although Khan acknowledges his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application was not filed within one year of his arrival, he argues that his then-pending application for adjustment of status constituted an "extraordinary circumstance" that excused the one-year filing limit. See 8 U.S.C. § 1158(a)(2)(D). Although an alien with lawful status is one example of such an extraordinary circumstance, a pending application for adjustment of status does not change an alien's illegal status to a legal status. See 8 C.F.R. § 1208.4(a)(5)(iv); United States v. Elrawy, 448 F.3d 309, 314 (5th Cir. 2006). Therefore, the BIA correctly concluded that Khan had not shown extraordinary circumstances and that his asylum application was time-barred.

Khan also argues that the BIA erred in affirming the decision of the IJ on the issue of credibility. This court gives great deference to a factfinder's decisions concerning an alien's credibility. Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002). This court does not substitute its own judgment for that of the BIA or IJ with respect to "witness credibility or ultimate factual findings based on credibility determinations." Id. When an IJ's credibility determination is based on a "reasonable interpretation of the record and [is] therefore supported by substantial evidence," it will be upheld. Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). The IJ's credibility determination may not be overturned unless the record compels it. Id. The BIA did not err in affirming the IJ's adverse credibility determination. The inconsistencies in Khan's documentary evidence and testimony show that the credibility determination was a reasonable interpretation of the record and, was therefore, supported by substantial evidence. See id. The opposite conclusion, that Khan was credible, is not compelled by the evidence. See id. Accordingly, the BIA did not err in denying Khan withholding of removal or relief under the CAT. See id.

Khan also argues that the BIA and IJ erred in denying him voluntary departure. This court lacks jurisdiction to review a claim that the BIA erred in

denying a request for the discretionary relief of voluntary departure.  8 U.S.C.
§ 1252(a)(2)(B); Eyoum v. INS, 125 F.3d 889, 891 (5th Cir. 1997).

PETITION DENIED.