# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2013

No. 12-60636
Summary Calendar

Lyle W. Cayce
Clerk

ELVIRA CAMAC PACHECO, also known as Elvira Camac; also known as Eluira Camac,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 278 780

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Elvira Camac Pacheco, a native and citizen of Mexico, seeks a petition for review of the order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of her application for withholding of removal under the Convention Against Torture (CAT). Pacheco argues that (1) the BIA and the IJ applied two incorrect legal standards in determining her eligibility for relief under the CAT; (2) her merits hearing was fundamentally unfair,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violating her due process rights; and (3) the IJ erred in pretermitting her application for cancellation of removal because she had not been convicted of a crime involving moral turpitude.

Because the BIA agreed with the IJ's findings and conclusions, we review the decisions of both the IJ and the BIA. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Whether an alien has demonstrated eligibility for withholding of removal is a factual determination reviewed for substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). In order to obtain relief under the CAT, an alien has the burden of demonstrating "that it is *more likely than not* that he or she would be tortured if removed to the proposed country of removal." *Id.* at 1139 (*citing* 8 C.F.R. § 208.16(c)(2)). The CAT defines torture as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." § 208.18(a)(1).

Pacheco provides no evidence that either the IJ or the BIA used an inappropriate standard of review when deciding whether she was more likely than not to be tortured upon returning to Mexico. Her wholly conclusional assertions are insufficient to state a claim and amount to a waiver of the claim due to inadequate briefing. *See Garrido-Morato v. Gonzales*, 485 F.3d 319, 322 n.1 (5th Cir. 2007); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Moreover, she fails to provide any evidence that either the IJ or the BIA applied an improper standard to determine whether officials acquiesced in torture. *See Hakim v. Holder*, 628 F.3d 151, 155-56 (5th Cir. 2010) (noting that a Government's willful blindness to the torture would satisfy the acquiescence requirement).

Pacheco's assertion that her merits hearing violated her due process rights is also without merit. She argues that she should have been given the opportunity to get a reply from her Freedom of Information Act (FOIA) request

to determine whether she was eligible for adjustment of status. However, because Pacheco did not request a continuance or fairly present the issue of her FOIA request during the merits hearing, she has arguably waived the claim. *See Newby v. Enron Corp.*, 394 F.3d 296, 309 (5th Cir. 2004). In any event, the BIA adequately addressed Pacheco's claim, noting that she had not raised the FOIA issue before the IJ or requested a continuance.

Furthermore, the IJ did not err by pretermitting Pacheco's application for cancellation of removal. Contrary to her conclusional assertion otherwise, pursuant to 8 U.S.C. § 1101(f)(7), a finding of good moral character is precluded if, "during the period for which good moral character is required to be established," the person was "confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or more." Pacheco admitted to serving over four years in prison; thus, she was statutorily ineligible for cancellation of removal because she could not demonstrate the requisite good moral character, regardless of whether she was convicted of a crime involving moral turpitude. *See Eyoum v. INS*, 125 F.3d 889, 891 & n.2 (5th Cir. 1997) (voluntary departure); 8 U.S.C. § 1229b(b)(1)(B).

Accordingly, Pacheco's petition for review is DENIED.