# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60483
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2015

Lyle W. Cayce
Clerk

JULIO CESAR MEDINA-GARCIA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 015 391

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Julio Medina-Garcia, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b. He argues that the BIA made errors of fact and law in upholding the immigration judge's finding that he had not demonstrated: (1) good moral character or (2) that his deportation would result in an exceptional and extremely unusual hardship to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60483

a qualifying relative.  Medina-Garcia also argues that the BIA erred in not concluding that the immigration judge should have addressed the issue of post-conclusion voluntary departure.

We generally review only the BIA's decision except to the extent that the immigration judge's decision influences the BIA.  *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  We lack jurisdiction to review the discretionary denial of Medina-Garcia's request for cancellation of removal.  8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Omagah v. Ashcroft*, 288 F.3d 254, 259 & n.7 (5th Cir. 2002).

Although we are not precluded from reviewing claims raising constitutional or purely legal questions, *see* § 1252(a)(2)(D), Medina-Garcia does not raise any such issues.  His assertion that the BIA committed errors of law is an attempt to disguise his true claim that, in the exercise of its discretion, the BIA did not give significant weight to the evidence and testimony presented about his good moral character or the potential hardships his deportation would impose on his father.  This argument does not rise to the level of a colorable constitutional claim or question of law.  *See Hadwani v. Gonzales*, 445 F.3d 798, 800-01 (5th Cir. 2006).

Regarding the issue of post-conclusion voluntary departure, Medina-Garcia argues that his written request in two pretrial statements was sufficient to establish his intent to seek such relief.  As the BIA concluded, however, the record reveals that, during the immigration hearings, Medina-Garcia repeatedly informed the judge that he was seeking cancellation of removal and was not seeking any alternative relief.  Accordingly, the BIA did not err when it determined that Medina-Garcia had chosen not to pursue post-conclusion voluntary departure and that the immigration judge had not denied him the opportunity to do so.  *See Zhu*, 493 F.3d at 594.  To the extent that

No. 14-60483

Medina-Garcia argues that he was entitled to post-conclusion voluntary departure, this court lacks jurisdiction to review the discretionary denial of such relief. *See* 8 U.S.C. § 1229c(f); *Eyoum v. I.N.S.*, 125 F.3d 889, 891 (5th Cir. 1997).

Accordingly, Medina-Garcia's petition for review is DISMISSED IN PART FOR LACK OF JURISDICTION and DENIED IN PART.