# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2019

No. 18-60613

Lyle W. Cayce
Clerk

NERY NOLASCO QUINTANILLA-MIRANDA, also known as Nery Quintanilla,

     Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

     Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A204-650-077

---

Before HIGGINSON and WILLETT, Circuit Judges, and BROWN, District Judge.\*

STEPHEN A. HIGGINSON, Circuit Judge:\*\*

Nery Nolasco Quintanilla Miranda petitions for review of a Board of Immigration Appeals (BIA) decision denying his requests for withholding of removal and voluntary departure. We deny the petition.

---

\* District Judge of the Northern District of Mississippi, sitting by designation.

\*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60613

Quintanilla Miranda is a native and citizen of Honduras. As a child, he was the victim of severe abuse by his father. In 2007, at the age of fifteen, he left Honduras and entered the United States unlawfully. In 2014, the Department of Homeland Security initiated removal proceedings against him based on his unlawful presence in the United States. Quintanilla Miranda acknowledged entering the country illegally but applied for withholding of removal under both Section 241(b)(3) of the Immigration and Nationality Act (INA) and the Convention Against Torture (CAT). In the alternative, he requested voluntary departure. The immigration judge denied all relief and ordered Quintanilla Miranda removed to Honduras. The BIA dismissed his appeal, and this petition for review followed.

I.

To qualify for withholding of removal under the INA, Quintanilla Miranda bears the burden to show that his "life or freedom would be threatened in the proposed country of removal *on account of* race, religion, nationality, membership in a particular social group, or political opinion." 8 CFR § 208.16(b) (emphasis added). Under BIA precedent, "an applicant for asylum or withholding of removal seeking relief based on 'membership in a particular social group' must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I & N Dec. 227, 237 (BIA 2014).

We have approved this framework as a reasonable interpretation of the INA. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786–87 & n.1 (5th Cir. 2016); *Orellana-Monson v. Holder*, 685 F.3d 511, 521 (5th Cir. 2012). In a recent precedential opinion, the Attorney General reaffirmed that "an applicant seeking to establish persecution on account of membership in a 'particular social group' . . . must demonstrate membership in a group, which

2

is composed of members who share a common immutable characteristic, is defined with particularity, and is socially distinct within the society in question." *Matter of A-B-*, 27 I & N Dec. 316, 317 (A.G. 2018); *see also id.* at 330 (explaining and approving the *M-E-V-G-* standard). The Attorney General directed immigration judges and the BIA to conduct a "rigorous analysis" in every case and to carefully apply the standards set out in *M-E-V-G-* and other precedential opinions. *Id.* at 340.

Quintanilla Miranda asserts that he suffered past persecution based on a proposed social group of "Honduran sons in domestic familial relationships who are unable to leave." The immigration judge denied Quintanilla Miranda's application for withholding of removal on multiple grounds, including that he failed to establish the existence of a particular social group. The BIA agreed, holding "that the respondent's proposed social group is not cognizable under *Matter of A-B-*." "We review the BIA's decision and only consider the [immigration judge's] decision to the extent that it influenced the BIA." *Luna-Garcia De Garcia v. Barr*, 921 F.3d 559, 565 (5th Cir. 2019) (quoting *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009)). Because the BIA's denial of relief rested solely on the absence of a cognizable social group, our review is limited to that issue.[1] *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010).

The BIA correctly determined that Quintanilla Miranda's proposed social group is not legally cognizable. To satisfy the "particularity" requirement of a particular social group, a "group must not be 'amorphous, overbroad, diffuse, or subjective.'" *A-B-*, 27 I & N Dec. at 335 (quoting *M-E-V-G-*, 26 I & N

---

[1] We do not consider Quintanilla Miranda's challenge to alternative holdings by the immigration judge not passed on by the BIA, such as the immigration judge's determination that he did not suffer past persecution. Nor do we express any opinion regarding other aspects of asylum law discussed in *A-B-*, 27 I & N Dec. 316, but not necessary to the BIA's decision in this case.

Dec. at 239). This standard, although recently reiterated in *A-B-*, reflects well-established Fifth Circuit and BIA precedent. *See Hernandez-De La Cruz*, 819 F.3d at 786–87; *M-E-V-G-*, 26 I & N Dec. at 239. In *Orellana-Monson*, for example, we held that a proposed group of "men who were recruited but refused to join Mara 18" is insufficiently particular because the group "is exceedingly broad" and "too amorphous," given that "it encompasses a wide swath of society crossing many political orientations, lifestyles, and identifying factors." 685 F.3d at 521–22.

The category of "Honduran sons in domestic familial relationships who are unable to leave" similarly lacks particularity. As Quintanilla Miranda himself acknowledges, this group could include almost any Honduran son. We recently observed that a similar proposed group of "Honduran women and girls who cannot sever family ties . . . is either incomprehensibly vague or impermissibly overbroad." *Cantarero-Lagos v. Barr*, 924 F.3d 145, 150–51 (5th Cir. 2019). "Being unable to 'sever family ties' can mean anything from a requirement to care for a debilitated family member to a social system that forbids marriage without patriarchal consent." *Id.*; *see also Orellana v. Sessions*, 722 F. App'x 443, 449 (6th Cir. 2018) (holding that "the group 'children who are unable to leave their families' is not sufficiently particularized" because "[t]he fact that children cannot leave home is a near-universal reality of childhood"). Because Quintanilla Miranda failed to establish membership in a cognizable particular social group, the BIA did not err in denying withholding of removal under the INA.[2]

---

[2] At oral argument, the government asked us to hold as a matter of law that all groups involving an inability to leave a relationship are not cognizable because such groups are circularly defined in terms of the persecution of group members. *See Orellana-Monson*, 685 F.3d at 518–19 (explaining that "the risk of persecution alone does not create a particular social group") (quotation omitted). We do not read either *A-B-*, 27 I & N Dec. 316, or the BIA's decision in this case to set forth such a categorical rule. In any event, we do not perceive a

No. 18-60613

II.

Quintanilla Miranda also seeks to challenge the denial of his requests for withholding of removal under the Convention Against Torture and for voluntary departure. We lack jurisdiction to review either claim.

The BIA deemed Quintanilla Miranda's CAT claim abandoned because he failed to meaningfully contest the immigration judge's denial of this relief. We do not have jurisdiction to consider issues that were not first raised before the BIA. *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); *see also* 8 U.S.C. § 1252(d). A petitioner "must fairly present an issue to the BIA to satisfy § 1252(d)'s exhaustion requirement." *Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018) (quoting *Omari*, 562 F.3d at 321). Quintanilla Miranda offered no substantive argument to the BIA regarding his CAT claim, and he does not contest the BIA's finding of abandonment. Because he failed to exhaust this claim, we cannot consider it.

Finally, Quintanilla Miranda argues that he is entitled to voluntary departure because the immigration judge erroneously classified his conviction for aggravated flight from an officer as a crime involving moral turpitude. But the BIA's decision did not rely on this legal determination. The BIA instead affirmed the immigration judge's alternative holding that voluntary departure was unwarranted as a matter of discretion. We "lack jurisdiction to review claims for discretionary relief, including claims regarding voluntary departure." *Eyoum v. INS*, 125 F.3d 889, 891 (5th Cir. 1997) (citing 8 U.S.C. § 1252(a)(2)(B)).

Accordingly, the petition for review is DENIED.

---

circularity problem in the specific proposed group at issue in this case. As discussed above, a child may be unable to leave a familial relationship for multiple reasons unrelated to persecution.