United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-60165
Summary Calendar

MARGUERITTE MORADO-BASSIL; PEDRO MORADO-PINTA;
DONA MORADO-BASSIL,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75-881-698
BIA No. A75-881-697
BIA No. A75-881-699
--------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Margueritte Morado-Bassil, Pedro Morado-Pinta, and Dona Morado-Bassil ("the

petitioners"), petition for review of the final order of the Board of Immigration Appeals ("BIA") that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

affirmed the denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

The petitioners argue that the BIA erred when it denied relief under the CAT. They argue that their asylum denial was based on motive only, and therefore it was error to deny them CAT relief, which they argue does not require proof of motive. The Morados did not raise this issue before the BIA, and therefore this court lacks jurisdiction to consider this issue. See 8 U.S.C. § 1252(d)(1); Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001).

The petitioners argue that the BIA erred in its discretionary asylum denial because it found no adverse factors, it determined that Mexican refuge was available despite no evidence of resettlement, and its cited resettlement case was rendered obsolete by amended regulations. These arguments also were not presented to the BIA, and this court therefore lacks jurisdiction to consider this issue. See 8 U.S.C. § 1252(d)(1); Wang, 260 F.3d at 452.

The petitioners also argue that they are properly classified as refugees within the meaning of 8 U.S.C. § 1101(a)(42)(A) and that therefore the BIA erred when it denied asylum. The Attorney General has the discretion to grant asylum to aliens who are classified as refugees within the meaning of 8 U.S.C. § 1101(a)(42)(A). See 8 U.S.C. § 1158(b)(1); Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994). A finding that an applicant is a refugee only establishes that the alien may be granted asylum in the discretion of the Attorney General. INS v. Cardoza-Fonseca, 480 U.S. 421, 427 & n.5 (1987); see also Mikhael v. INS, 115 F.3d 299, 303 (5th Cir. 1997) (being classified as a refugee does not automatically confer asylum; rather, the refugee classification allows the Attorney General the discretion to grant asylum). Thus, to prevail in their appeal the petitioners must show that the BIA erred when it affirmed 1) the determination that the petitioners were not refugees within the meaning

of 8 U.S.C. § 1101(a)(42)(A) and 2) the determination that, even if the petitioners were classified as refugees, they were not entitled to asylum as a matter of discretion. As discussed above, this court lacks jurisdiction to consider the petitioners' argument challenging the decision that the petitioners were not entitled to asylum as a matter of discretion. Therefore, the petitioners' argument that they are refugees within the meaning of 8 U.S.C. § 1158(b)(1) is moot.

Finally, the Morados do not address whether the BIA erred when it denied their application for withholding of removal. The Morados therefore have abandoned this issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (this court will not raise and discuss legal issues that the appellant has failed to assert).

The petition for review is therefore DISMISSED.