United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60741
Summary Calendar

_____

AIMAN NAZIH DARWICH,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 310 118
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Aiman Nazih Darwich petitions for review of the final order

of the Board of Immigration Appeals (BIA) that affirmed the

denial of his applications for asylum, withholding of removal,

and relief under the Convention Against Torture (CAT), and for

voluntary departure.  Darwich's second motion to stay his

deportation is denied.

Darwich argues that the BIA erred in upholding the

immigration judge's (IJ) decision finding him not credible and

denying his application for asylum.  Darwich makes no argument

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the IJ's determination that even assuming he was credible, he was not entitled to asylum as a matter of discretion. Judicial review of a final removal order is available only if the applicant has exhausted all administrative remedies as of right. 8 U.S.C. § 1252(d)(1). Failure to exhaust administrative remedies creates a jurisdictional bar to this court's consideration of the issue. Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001). "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA-either on direct appeal or in a motion to reopen." Id. at 452-53. The exhaustion requirement is statutorily mandated, jurisdictional, and nonwaivable. Goonsuwan v. Ashcroft, 252 F.3d 383, 387 (5th Cir. 2001).

To prevail in this appeal, Darwich must show that the BIA erred in affirming 1) the IJ's determination regarding statutory eligibility for asylum and 2) the determination that he was not entitled to asylum as a matter of discretion. See Faddoul v. I.N.S., 37 F.3d 185, 188 (5th Cir. 1994); Morado-Bassil v. Ashcroft, 119 F. App'x 682, 684 (5th Cir. 2005). Because Darwich did not challenge the discretionary denial of asylum in his appeal to the BIA, he has not exhausted this issue, and this court lacks jurisdiction to consider the denial of asylum as a matter of discretion. See Morado-Bassil, 119 F. App'x at 684.

Consequently, Darwich's argument concerning his credibility as it relates to his statutory eligibility for asylum is moot.  Id.

Darwich argues that he has shown that if he returned to Lebanon, there is a clear probability that he would face persecution as a result of his resistance to becoming a member of Hezbollah.  Congress has proscribed the deportation of an alien whose life or freedom would be threatened on account of race, religion, nationality, or membership in a social group.  8 U.S.C. § 1231(b)(3)(A); Jukic v. I.N.S., 40 F.3d 747, 749-50 (5th Cir. 1994).  A petitioner "must demonstrate a clear probability of persecution on one of the enumerated grounds."  Jukic, 40 F.3d at 749-50.

In rejecting Darwich's claim for asylum, the IJ found that, even without an adverse credibility finding, Darwich's claim would still fail because he had failed to present evidence that the alleged persecution was on account of one of the statutory bases, in particular, political opinion.  Such a finding is fatal to Darwich's claim for withholding as well.  Darwich does not challenge this finding on appeal.  By failing to brief this issue, Darwich has waived or abandoned it.  See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003); Calderon-Ontiveros v. I.N.S., 809 F.2d 1050, 1052 (5th Cir. 1986).

Darwich also failed to raise and brief the issue of CAT relief in his appeal to the BIA.  Darwich has not exhausted this

issue, and this court therefore lacks jurisdiction to review it. See Wang, 260 F.3d at 452-53.

Darwich argues that the IJ abused his discretion in denying his application for voluntary departure. This court lacks jurisdiction to review a claim that the BIA erred in denying a request for the discretionary relief of voluntary departure. 8 U.S.C. § 1252(a)(2)(B); Eyoum v. I.N.S., 125 F.3d 889, 891 (5th Cir. 1997).

PETITION FOR REVIEW DENIED; MOTION TO STAY DENIED.